IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

MARSHALL MCCLAIN, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

MANAGEMENT SERVICES
NETWORK, LLC,

    Defendant.

Case No.: 4:26-cv-903-CDL

JURY TRIAL DEMANDED

## DEFENDANT MANAGEMENT SERVICES NETWORK, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Management Services Network, LLC ("MSN") hereby answers the allegations contained in Plaintiff Marshall McClain's ("Plaintiff") Complaint ("Complaint") as follows:

1.    In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, MSN admits the Plaintiff has brought this class action against MSN but denies Plaintiff is entitled to any monetary damages and further denies that it is liable to Plaintiff in any regard.

2.    In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, the allegations contained therein are denied.

3.    In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, the allegations contained therein are denied.

## Jurisdiction and Venue

4.      In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, the allegations contained therein are admitted.

5.      In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, the allegations contained therein are admitted.

6.      In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, MSN is without information sufficient to admit or deny the allegations in Paragraph 6 of the complaint and therefore the allegations are deemed denied.

7.      In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, MSN admits that it left a prerecorded voicemail with the phone number identified in the Complaint. All remaining allegations are denied.

## Parties

8.      In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, MSN is without information sufficient to admit or deny the allegations contained therein. Therefore, the allegations are denied, and strict proof is demanded thereof.

9.      In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, MSN is without information sufficient to admit or deny the allegations

contained therein. Therefore, the allegations are denied, and strict proof is demanded thereof.

10.    In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, the allegations contained therein are denied. MSN is a limited liability company.

11.    In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, the allegations contained therein are legal conclusions, which do not require a response. To the extent Paragraph 11 makes factual allegations, such allegations are denied.

12.    In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, the allegations contained therein are admitted.

**Factual Allegations**

13.    In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, MSN is without information sufficient to admit or deny the allegations contained therein. Therefore, the allegations are denied, and strict proof is demanded.[1]

---

[1] MSN notes that Plaintiff lists only the first six digits of his phone number. Using the alleged date of the call and the alleged patient name, MSN has done its best to respond to the Complaint's allegations but is unable to confirm certain information without the full phone number. As such, MSN reserves the right to amend its responses herein accordingly.

14.    In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, the allegations contained therein are admitted.

15.    In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, the allegations contained therein are admitted.

16.    In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, the allegations contained therein are admitted.

17.    In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, the allegations contained therein are denied, as the call back number, as cited, is incorrect.

18.    In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, the allegations contained therein are denied.

19.    In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, the allegations contained therein are admitted.

20.    In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, MSN denies that the voice message is generic, as it sought a particular named individual in connection with a particular individualized service. All remaining allegations are denied.

21.    In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, MSN admits that the message identified was pre-recorded. All remaining allegations are denied.

22.     In response to the allegations contained in Paragraph 22 of Plaintiff's Complaint, the allegations contained therein are admitted.

23.     In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, the allegations contained therein are admitted.

24.     In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, the allegations contained therein are admitted upon information and belief.

25.     In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, the allegations contained therein are admitted.

26.     In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, the allegations contained therein are admitted.

27.     In response to the allegations contained in Paragraph 27 of Plaintiff's Complaint, the allegations contained therein are admitted.

28.     In response to the allegations contained in Paragraph 28 of Plaintiff's Complaint, the allegations contained therein are admitted.

29.     In response to the allegations contained in Paragraph 29 of Plaintiff's Complaint, MSN is without information sufficient to admit or deny the allegations contained therein. Therefore the allegations are denied.

30.     In response to the allegations contained in Paragraph 30 of Plaintiff's Complaint, MSN is without information sufficient to admit or deny the allegations contained therein. Therefore the allegations are denied.

31.     In response to the allegations contained in Paragraph 31 of Plaintiff's Complaint, the allegations contained therein are denied.

## Class Action Allegations

32.     In response to the allegations contained in Paragraph 32 of Plaintiff's Complaint, MSN admits Plaintiff proposes the class as set forth in this paragraph. To the extent anything in this paragraph is construed as allegations, MSN denies them and denies any suggestion that the class as proposed in this paragraph is proper or certifiable.

33.     In response to the allegations contained in Paragraph 33 of Plaintiff's Complaint, MSN admits Plaintiff proposes the class as set forth in this paragraph. To the extent anything in this paragraph is construed as allegations, MSN denies them and denies any suggestion that the class as proposed in this paragraph is proper or certifiable.

34.     In response to the allegations contained in Paragraph 34 of Plaintiff's Complaint, the allegations contained therein are denied.

35.     In response to the allegations contained in Paragraph 35 of Plaintiff's Complaint, MSN admits that the number of the members of the class as Plaintiff has

proposed is unknown to Plaintiff, because as proposed, the members of the class are unknowable and unascertainable. As such, MSN denies that the members can be determined through appropriate discovery.

36.     In response to the allegations contained in Paragraph 36 of Plaintiff's Complaint, the allegations contained therein are denied.

37.     In response to the allegations contained in Paragraph 37 of Plaintiff's Complaint, the allegations contained therein are denied. MSN further responds that, every number to which MSN placed a call was provided by the patient with express consent to receive such calls. The only instances in which an individual is contacted that did not previously give consent to receive such calls, is if the patient provided MSN with an incorrect phone number or if the phone number provided was reassigned, without MSN's knowledge, to a different individual. Additionally, the voice message associated with the call provides the recipient with a list of options, one of which instructs the recipient to dial a certain digit if the phone number just called is a wrong number. If the "wrong number" option is selected, there is no way to confirm whether the phone number was, in fact, incorrect, or if the recipient simply no longer wished to receive such calls. Given the nature of these calls and the call records, there is no way to identify individuals who might belong to the proposed class. All other allegations are denied.

38.     In response to the allegations contained in Paragraph 38 of Plaintiff's Complaint, the allegations contained therein are denied.

39.     In response to the allegations contained in Paragraph 39 of Plaintiff's Complaint, the allegations contained therein are denied.

40.     In response to the allegations contained in Paragraph 40 of Plaintiff's Complaint, MSN admits that Plaintiff did not have an account in collections with MSN. MSN denies any allegation that the class referenced by this paragraph is proper or certifiable.

41.     In response to the allegations contained in Paragraph 41 of Plaintiff's Complaint, the allegations contained therein are denied.

42.     In response to the allegations contained in Paragraph 42 of Plaintiff's Complaint, the allegations contained therein are denied.

43.     In response to the allegations contained in Paragraph 43 of Plaintiff's Complaint, the allegations contained therein are denied.

44.     In response to the allegations contained in Paragraph 44 of Plaintiff's Complaint, MSN lacks information regarding Plaintiff sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, denies the same. MSN further denies any suggestion that the class referenced is proper or certifiable. Any remaining allegations in this paragraph are denied.

45.   In response to the allegations contained in Paragraph 45 of Plaintiff's Complaint, MSN lacks information regarding Plaintiff sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, denies the same. MSN further denies any suggestion that the class referenced is proper or certifiable. Any remaining allegations in this paragraph are denied.

46.   In response to the allegations contained in Paragraph 46 of Plaintiff's Complaint, MSN lacks information regarding Plaintiff sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, denies the same. MSN further denies any suggestion that the class referenced is proper or certifiable. Any remaining allegations in this paragraph are denied.

47.   In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint, MSN lacks information regarding Plaintiff or Plaintiff's counsel sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, denies the same. MSN further denies any suggestion that the class referenced is proper or certifiable. Any remaining allegations in this paragraph are denied.

48.   In response to the allegations contained in Paragraph 48 of Plaintiff's Complaint, MSN lacks information regarding Plaintiff or Plaintiff's counsel sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, denies the same. MSN further denies any suggestion that the class

referenced is proper or certifiable. Any remaining allegations in this paragraph are denied.

49.    In response to the allegations contained in Paragraph 49 of Plaintiff's Complaint, MSN lacks information regarding Plaintiff or Plaintiff's counsel sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, denies the same. MSN denies any suggestion that the class referenced is proper or certifiable. Any remaining allegations in this paragraph are denied.

50.    In response to the allegations contained in Paragraph 50 of Plaintiff's Complaint, the allegations contained therein are denied.

51.    In response to the allegations contained in Paragraph 51and subparts (a)-(e) of Plaintiff's Complaint, the allegations contained therein are denied.

52.    In response to the allegations contained in Paragraph 52 of Plaintiff's Complaint, the allegations contained therein are denied.

53.    In response to the allegations contained in Paragraph 53 of Plaintiff's Complaint, the allegations contained therein are denied.

54.    In response to the allegations contained in Paragraph 54 of Plaintiff's Complaint, the allegations contained therein are denied.

55.    In response to the allegations contained in Paragraph 55 of Plaintiff's Complaint, the allegations contained therein are denied.

56.     In response to the allegations contained in Paragraph 56 of Plaintiff's Complaint, the allegations contained therein are denied.

57.     In response to the allegations contained in Paragraph 57 of Plaintiff's Complaint, the allegations contained therein are denied.

58.     In response to the allegations contained in Paragraph 58 of Plaintiff's Complaint, the allegations contained therein are denied.

59.     In response to the allegations contained in Paragraph 59 of Plaintiff's Complaint, the allegations contained therein are denied.

60.     In response to the allegations contained in Paragraph 60 of Plaintiff's Complaint, the allegations contained therein are denied.

## Count I

## Violation of 47 U.S. C. § 227(b)(1)(A)(iii)

61.     In response to the allegations contained in Paragraph 61 of Plaintiff's Complaint, MSN incorporates by reference its responses to Paragraphs 1 through 60, as though fully set forth herein.

62.     In response to the allegations contained in Paragraph 62 of Plaintiff's Complaint, the allegations contained therein are denied.

63.     In response to the allegations contained in Paragraph 63 of Plaintiff's Complaint, the allegations contained therein are denied.

## Prayer for Relief

MSN denies each and every averment of the Complaint not specifically admitted above, including all averments in Plaintiff's Prayer for Relief and subparts (a)-(j).  MSN denies that Plaintiff and the class are entitled to any judgment, class damages, treble damages, post-judgment or pre-judgment interest, attorneys' fees, costs, or any other relief.

## DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

MSN pleads all applicable statutes of limitation and statutes of repose in bar of Plaintiff's asserted claims.

### Third Defense

MSN relies upon and asserts all defenses which are contained within applicable statutory or common law.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of estoppel and waiver.

### Fifth Defense

Plaintiff lacks standing to bring this action.

## Sixth Defense

Upon information and belief, Plaintiff is a frequent filer of these sorts of lawsuits and has used tactics as part of this lawsuit deliberately designed to receive the phone call principally at issue.

## Seventh Defense

Every phone number to which MSN placed calls—including the Plaintiff's—was previously provided to MSN by individuals who expressly consented to receiving such calls at the number provided.

## Eighth Defense

Plaintiff cannot establish the elements of the applicable provisions of the Telephone Consumer Protection Act.

## Ninth Defense

MSN is protected by the applicable safe-harbor provisions in the Telephone Consumer Protection Act and other applicable law.

## Tenth Defense

Plaintiff cannot establish the requirements in Federal Rule of Civil Procedure 23 and other applicable law to maintain a class action suit.

## Eleventh Defense

There is no method by which to identify the members of the proposed class.

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: */s/ James F. Exum*
       Bradley M. Davis, GA Bar#141505
       Stephen D. Barham, TN Bar #019292 (*Admitted Pro Hac Vice*)
       James F. Exum, III, GA Bar#954516
       John Grayson Chambers, TN Bar #035963 (*Admitted Pro Hac Vice*)
605 Chestnut Street, Ste. 1700
Chattanooga, TN  37450
Tel:  423.757.0239
Fax:  423.508.1239
Email: bdavis@chamblisslaw.com
       sbarham@chamblisslaw.com
       jfexum@chamblisslaw.com
       gchambers@chamblissslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I electronically filed DEFENDANT MANAGEMENT SERVICES NETWORK, LLC'S ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record, and a postage prepaid copy has also been sent by U.S. Mail to the following address:

Valerie Chinn, GA
Chinn Law Firm, LLC
6000 Lynmark Way
Suite 106 #1320
Fairburn, GA 30213
Direct: 404-955-7732
Email: vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508-221-1510
Email: anthony@paronichlaw.com

By: */s/ James F. Exum*