**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| MARSHALL MCCLAIN, individually and on behalf of all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-903 (CDL) |
| | : | |
| MANAGEMENT SERVICES NETWORK, LLC, | : | |
| | : | |
| Defendant. | : | |

## SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on July 23, 2026. In accordance with the Court's Rules 16 and 26 Order, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.　　Nature of the Case**:

Plaintiff's Position:

Plaintiff filed this lawsuit alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by placing non-emergency calls to cellular telephone numbers using an artificial or prerecorded voice without the prior express consent of the called party. Plaintiff further alleges that Defendant routinely placed prerecorded calls to wrong or reassigned cellular telephone numbers and brings this action on behalf of a proposed nationwide class of similarly situated persons who received such calls.

Defendant's Position:

Defendant admits that a call was placed, upon information and belief, to Plaintiff. However, every number to which MSN placed a call was provided by the patient with express consent to

receive such calls. The only instances in which an individual is contacted that did not previously give consent to receive such calls, is if the patient provided MSN with an incorrect phone number or if the phone number provided was reassigned, without MSN's knowledge, to a different individual. Additionally, the voice message associated with the call provides the recipient with a list of options, one of which instructs the recipient to dial a certain digit if the phone number just called is a wrong number. If the "wrong number" option is selected, there is no way to confirm whether the phone number was, in fact, incorrect, or if the recipient simply no longer wished to receive such calls. Given the nature of these calls and the call records, there is no way to identify individuals who might belong to the proposed class.  Defendant further hereby incorporates its Answer and defenses therein.

Moreover, both parties remain in investigation of the case and reserve the right to supplement this response as the case proceeds.

## II.    Counsel of Record

**For the Plaintiff:**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

**For Defendant:**

Stephen D. Barham
James F. Exum, III,
John Grayson Chambers
Chambliss, Bahner & Stophel, P.C.
605 Chestnut Street, Ste. 1700
Chattanooga, TN  37450
(423)756-3000
sbarham@chamblisslaw.com
jfexum@chamblisslaw.com
gchambers@chamblisslaw.com

### III. Complaint and Answer Filing Date

The Complaint was filed: June 3, 2026
Answer was filed: July 15, 2026

### IV. Discovery Deadlines

#### A. Time for Discovery

Plaintiff's Position:

The time for discovery in this case shall expire January 4, 2027, that being approximately 180 days after the submission of the Proposed Order to the Court. If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

Defendant's Position:

Given the nature of the allegations in this class action suit, Defendant submits that more time will be needed for discovery than the 180 days set by local rule.

**BY THE COURT:** Discovery shall expire on January 4, 2027. If the parties are unable to complete discovery during this time, they may file a motion for an extension. Such a motion will only be granted if the motion sets forth good cause for an extension and explains why the parties were unable to complete discovery by the deadline despite the exercise of reasonable diligence.

#### B. Scope of Discovery

Plaintiff's Position:

Plaintiff anticipates discovery concerning both class certification and the merits of Plaintiff's TCPA claims. Plaintiff expects to seek from Defendant and third parties:

3

1. ESI regarding the prerecorded calls at issue;

2. Call records and account information relating to the subject calls;

3. Information concerning Defendant's use of artificial or prerecorded voice technology;

4. Policies and procedures regarding TCPA compliance;

5. Documents concerning wrong or reassigned number procedures;

6. Consumer complaints relating to prerecorded calls; and

7. Information necessary to support class certification, including expert discovery.

Plaintiff anticipates offering expert testimony relevant to class certification and merits issues.

Defendant's Position:

In addition to those items identified by Plaintiff above as well as others, Defendant intends to demonstrate how its call system operates and the consent to communications provided by each patient contacted. Defendant intends to send discovery requests to Plaintiff regarding this phone call and other litigation he has been involved in alleging similar claims.

**C. Electronically Stored Information**

The Parties have taken the appropriate steps to preserve discoverable information, including ESI, and the parties have discussed how they will produce ESI in a format that will be best utilized by each party's expert.

**D.  Privilege Claims**

The Defendant will propose a Protective Order, which will include a claw-back provision.

**E.  Witnesses to be Deposed**

The Plaintiff will be deposing defendant, who can be contacted through counsel, as well as any vendors they used, who are unknown at this time.

Defendant will depose Plaintiff, who can be contacted through counsel. Defendant reserves the right to depose others who may become known through discovery or possess relevant information.

**F.  Expert Witnesses**

**1.  Designation of Experts**

Plaintiff's Position:

The Plaintiff must disclose the identity of any expert witness on or before October 5, 2026, that being no more than 90 days after the submission of the Proposed Order to the Court. The Defendant must disclose the identity of any expert witness on or before November 3, 2026, that being no more than 120 days after the submission of the Proposed Order to the Court.

Defendant's Position:

Defendant has 120 days from the date of filing of the Answer, July 15, 2026, to disclose its experts. Therefore, Defendant's deadline for disclosure should be no later than November 12, 2026.

Though if discovery progresses slowly, Defendant may require more time to designate its experts.

**BY THE COURT:**

Plaintiff's expert witness disclosure deadline: <u>October 5, 2026.</u>

Defendant's expert witness disclosure deadline: <u>November 12, 2026</u>.

If the parties are unable to meet these deadlines, they may file a motion for an extension.  Such a motion will only be granted if the motion sets forth good cause for an extension and explains why the parties were unable to meet the deadlines despite the exercise of reasonable diligence.

**2.  Expert Reports**

<u>Plaintiff's Position:</u>

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before December 16, 2026, that being no more than 160 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

<u>Defendant's Position:</u>

Defendant is in agreement with Plaintiff's position as to expert disclosures.

**G.  Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

The Defendant will propose a Protective Order, which will be submitted to the Court for consideration.

### H. Discovery Disputes

**BY THE COURT:** As the Court stated in the Rules 16/26 Order (ECF No. 14): "Prior to filing any motion to compel and/or motion for protective order arising from a discovery dispute, counsel for the parties shall meet "in person" and attempt in good faith to resolve the discovery dispute. If the dispute remains unresolved and a motion is filed, counsel shall certify that they met in person in good faith and were nevertheless unable to resolve the dispute. "In person" means physically present in the same room and does not include virtual or remote presence."

## V.    Time for Filing Motions

### A. Motions to Amend the Pleadings or to Join Parties

Plaintiff's Position:

All motions seeking to amend the pleadings or to join parties must be filed no later than September 8, 2026, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

Defendant's Position:

Defendant concurs with Plaintiff's position on Motion to Amend Pleadings.

### B. Dispositive Motions

**BY THE COURT:** The Rules 16/26 Order (ECF No. 14) requires a date certain for the dispositive motion deadline, and all dispositive motions must be filed within 45 days of the close of discovery.  Accordingly, the dispositive motion deadline is February 18, 2027.

7

**C. Class Certification Motion**

<u>Plaintiff's Position:</u>

Any class certification motion should be filed no later than <u>February 4, 2027,</u>

that being no more than 30 days after the expiration of discovery in this case..

<u>Defendant's Position:</u>

Defendant concurs with Plaintiff's timing on Class Certification Motion.

**VI.     Certification of the Parties and Counsel**

The Parties, by the signature of counsel below, certify they have conferred and

discussed the nature and basis of their claims and defenses and the possibilities for

prompt settlement or resolution of the case, pursuant to Local Rule 26(a). Counsel

further certify they have read the Court's Rules 16 and 26 Order. All counsel of

record shall digitally sign below.

*Counsel for Plaintiff*,
*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Defendant*,
*/s/ James F. Exum, III*
Stephen D. Barham, TN Bar #019292
        (*Admitted Pro Hac Vice*)
James F. Exum, III, GA Bar#954516
John Grayson Chambers, TN Bar #035963
        (*Admitted Pro Hac Vice*)
605 Chestnut Street, Ste. 1700
Chattanooga, TN  37450
Tel:  423.757.0239 | Fax:  423.508.1239
sbarham@chamblisslaw.com
jfexum@chamblisslaw.com
gchambers@chamblisslaw.com

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby ADOPTS the parties' plan and MAKES IT THE ORDER OF THE COURT, as modified by the Court herein.

SO ORDERED, this 30th day of July, 2026.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT