**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| MARSHALL MCCLAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MANAGEMENT SERVICES NETWORK, LLC,<br><br>Defendant. | Case No. **4:26-cv-903 (CDL)** |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality Agreement and Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

This Protective Order does not presumptively entitle any Party to file information designated CONFIDENTIAL under seal. All filings are presumptively matters of public record, and any request to seal material shall be governed by the applicable law, Local Rules, and the provisions of this Order. Local Rule 5.4 C provides the basis on which a Party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

**2.1** Action: *Marshall McClain v. Management Services Network, LLC,* Case No. 4:26-cv-903 (CDL) Middle District of Georgia.

**2.2** Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3** "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) produced during discovery or at the trial of this action, which qualifies for protection under Fed. R. Civ. P. 26(c), and/or is of a proprietary, confidential, trade secret, or of a commercially and/or competitively sensitive nature and is designated in good faith at the time of production by the Designating Party to be CONFIDENTIAL.

**2.4** Counsel (without qualifier): Outside Counsel of Record and Other Counsel (as well as their support staff).

**2.5** Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as: "CONFIDENTIAL."

**2.6** Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.8** Other Counsel: attorneys who are separately retained by a party to this Action, including but not limited to in-house counsel. Other Counsel does not include Outside Counsel of Record.

**2.9** Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10** Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.11** Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, Other Counsel, and Outside Counsel of Record (and their support staffs), and any insurer providing a defense to any party in this Action.

**2.12** Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13** Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14** Protected Health Information: Any documents, records, information, or other materials produced or disclosed in this action that constitute "protected health information" ("PHI"), as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), its implementing regulations, including 45 C.F.R. Parts 160 and 164,

or any other applicable federal or state privacy law governing the confidentiality of medical or health information. PHI produced or disclosed in this Action shall be treated as CONFIDENTIAL Protected Material under this Protective Order and shall be designated as "CONFIDENTIAL."

**2.15** Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.16** Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend as set forth in paragraph 2.5 to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend specified in paragraph 2.5 to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, that the testimony is protected. The parties agree that entire transcripts with attached exhibits shall be marked as CONFIDENTIAL pursuant to paragraph 2.5, and that, within thirty (30) days of receipt of such transcripts, the party seeking confidentiality must affirmatively identify those portions of the transcripts which the party contends are subject to the Stipulated Protective Order. If no portions of the transcript are affirmatively identified pursuant to this paragraph, then the transcripts will lose all CONFIDENTIAL designations.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend as specified in paragraph 2.5. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party’s right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer and Judicial Resolution.

If a Receiving Party believes that material designated CONFIDENTIAL does not warrant such designation, it shall notify the Designating Party in writing and make a good-faith effort to resolve the dispute, including through a good-faith meet and confer. Each Party shall explain its respective position concerning the material at issue.

If the dispute cannot be resolved, the Parties shall file a joint submission identifying the material at issue and setting forth each Party's position regarding confidentiality. The Designating Party shall prepare its position first and provide the draft joint submission to the Challenging Party. The Challenging Party shall then insert its objections, arguments, or contrary position. No further edits or reply shall be added after the Challenging Party provides its position. The burden of establishing that the material is entitled to confidential treatment remains with the Designating Party. The material at issue shall continue to be treated as CONFIDENTIAL until the dispute is resolved by agreement or Court order.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Order shall limit a party's use or disclosure of his or her own information designated as Protected Material. Further, nothing in this Order precludes a Producing Party or a Designating Party from seeking the entry of a separate order to govern materials for which additional protection is needed.

7.2 Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party (and subject to the meet-and-confer and dispute resolution provisions of Section 6 and Section 12.3 of this Order), a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, other attorneys employed by their firms, and employees and necessary clerical and support staff employed by Outside Counsel of Record, all of whom shall be bound by this Order but shall not be required to execute Exhibit A;

(b) the officers, directors, employees, attorneys (including in-house or Other Counsel), of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any witness during a deposition in this Action, and counsel for that witness, to whom disclosure is reasonably necessary for purposes of the deposition, provided that the witness shall not retain copies of Protected Material unless otherwise agreed by the Designating Party or ordered by the Court;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. <u>PROTECTED HEALTH INFORMATION ("PHI")</u>**

8.1 <u>Qualified Protective Order</u>

This Protective Order is intended to constitute a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). Accordingly, PHI produced or disclosed in connection with this Action shall be used or disclosed solely for the purpose of prosecuting, defending, or resolving this Action and for no other purpose. No person receiving PHI pursuant to this Protective Order may use or disclose such information for any business, commercial, solicitation, marketing, investigative, or other purpose unrelated to this Action. Any publicly filed version of a document containing PHI shall redact patient names, addresses, telephone numbers, email addresses, dates of birth, medical record or patient-identification numbers, account numbers, and other information that identifies or could reasonably be used to identify an individual as a patient or recipient of medical services, except to the extent the Court orders otherwise.

8.2 Prohibition on Use to Identify or Contact Putative Class Members

Notwithstanding any other provision in this Protective Order, Plaintiff, Plaintiff's counsel and any person acting on their behalf shall not use PHI, medical records, patient information, or information derived therefrom to contact any of the individuals identified by the PHI, such as persons listed on Defendant's records, who are presumed patients at medical facilities. Defendant maintains that these individuals all consented to receive calls through medical facilities and are not class members and cannot be contacted by Plaintiff, his experts, representatives, or attorneys, absent additional Court Order supported by good cause. Notwithstanding this provision, Plaintiff may use information within Defendant's records solely for purposes of attempting to identify or locate putative class members, who Plaintiff has defined as persons *other* than the intended recipient of calls, which would not include any individuals identified within Defendant's own records.

Nothing in this paragraph shall prohibit communication with: (a) the named Plaintiff; (b) any individual who contacts Plaintiff's counsel without the use of information obtained through discovery in this Action; or (c) a putative class member where such communication is specifically authorized by order of the Court, including pursuant to a Court-approved class notice or class-certification procedure.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Confidentiality Agreement and Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The parties shall first confer in good faith to attempt to resolve any dispute regarding production of such material before seeking relief from any court.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Confidentiality Agreement and Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. The parties and the Non-Party shall first confer in good faith to attempt to resolve any dispute before seeking relief from the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Producing Party inadvertently produces any document, data, or information that it thereafter claims to be privileged or otherwise protected from disclosure, the Producing Party shall provide written notice of the claim to the Receiving Party, and the obligations of the Receiving Party shall be governed by Fed. R. Civ. P. 26(b)(5)(B).

Pursuant to Fed. R. Evid. 502(d), the production of privileged or protected material in this Action shall not constitute a waiver of any applicable privilege or protection in this Action or in any other federal or state proceeding. Nothing herein prevents a Receiving Party from challenging the asserted privilege or protection in accordance with Fed. R. Civ. P. 26(b)(5)(B).

**13. MISCELLANEOUS**

13.1 Right to Further Relief.
Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any material covered by this Protective Order.

13.3 Filing Protected Material.

All filings shall presumptively be matters of public record and shall be sealed only in limited circumstances by order of the Court. A designation of material as CONFIDENTIAL under this Protective Order does not, standing alone, establish that the material may be filed under seal. If a Party seeks to maintain Protected Material under seal in connection with a motion, hearing, trial, or other Court proceeding, the Party seeking continued confidentiality shall bear the burden of establishing the applicable legal basis for sealing.

Before filing Protected Material, the Receiving Party shall provide reasonable advance notice to the Designating Party. The Parties shall confer in good faith regarding whether the material may be filed publicly, whether appropriate redactions will suffice, or whether the

Designating Party will seek leave to seal the material. Any motion to seal shall comply with Local Rule 5.4 and any other applicable Local Rules and orders of this Court. If the Court denies a request to seal Protected Material, the material may be filed in the public record unless otherwise ordered by the Court.

## 14. **FINAL DISPOSITION**

Within 45 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 45 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. No Receiving Party, their counsel or experts, shall under any circumstances sell, offer for sale, advertise, communicate, disseminate, withhold or otherwise publicize either the contents of Protected Material or the fact that the Receiving Party has obtained confidential and/or privileged documents or testimony from the Designating Party. After termination of this Action, including any appeals, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of Protected Material for enforcement of the provisions of this Protective Order following termination of the litigation. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15. VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

By: *Valerie Chinn*
*(With express permission by J. Adler)*
Valerie Chinn
CHINN LAW FIRM, LLC
6000 Lynmark Way
Suite 106 #1320
Fairburn, GA 30213
(404) 955-7732
vchinn@chinnlawfirm.com
Anthony I. Paronich
Paronich Law P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508-221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*

*/s/ Jennifer A. Adler*

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC
Alexander Heydemann
Georgia Bar No. 148511
Jennifer A. Adler
Georgia Bar No. 585635
3344 Peachtree Rd., NE, Suite 2400
Atlanta, Georgia 30326
Telephone: 404-876-2700
aheydemann@wwhgd.com
jadler@wwhgd.com

*Attorneys for Defendant Management Services Network, LLC*

**SO ORDERED** this _______ day of ____________, 2026.

_________________________________________
Honorable Clay D. Land
United States District Court Judge
Middle District of Georgia
State of Georgia

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________, declare that:

1. My home or business address is ____________________________.
2. I am employed by ________________________________________.
3. I declare under penalty of perjury that I have read and understand the Stipulated Confidentiality Agreement and Protective Order entered in *McClain v. Management Services Network, LLC*, Case No. 4:26-cv-903 (CDL).
4. I agree to be bound by the terms of the Protective Order, and I understand and acknowledge that failure to comply with its terms could expose me to sanctions or punishment in the nature of contempt.

Executed this ___ day of ________**, 20**___

____________________________